14-4286-cv
*Preacely v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand and fifteen.

Present:
　　　　PIERRE N. LEVAL,
　　　　PETER W. HALL,
　　　　GERARD E. LYNCH,
　　　　　　　　*Circuit Judges.*

_____

WOODROW WILSON PREACELY,[*]

　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　　No. 14-4286-cv

CITY OF NEW YORK, ET AL.,

　　　　　　　*Defendants-Appellees*.

_____

For Plaintiff-Appellant:　　　　　　WOODROW WILSON PREACELY, pro se, New York, NY.

For Defendants-Appellees:　　　　　Kevin C. McCaffrey, Cullen and Dykman LLP, New York, NY.

_____

[*] The Clerk of the Court is respectfully requested to amend the official caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Woodrow Wilson Preacely ("Preacely"), proceeding pro se, appeals the district court's order and judgment dismissing his complaint sua sponte as barred by *res judicata* and otherwise as frivolous. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a claim "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

A district court has the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Although we have not resolved whether such dismissals are reviewed *de novo* or for abuse of discretion, we need not reach that issue to affirm the district court's decision if the dismissal "passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2.

2

The doctrine of *res judicata* "bars a subsequent action—involving either the same plaintiffs or parties in privity with those plaintiffs—from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010).

Reviewing the district court's dismissal *de novo*, we determine the district court properly dismissed Preacely's complaint as frivolous. Preacely's claims are either barred by *res judicata* or are clearly baseless. Although the district court was incorrect in determining that Preacely was proceeding *in forma pauperis*, the district court had the inherent authority to dismiss the fee-paid case. *Fitzgerald*, 221 F.3d at 363–64.

We have considered all of Preacely's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3